

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 19, 2004

The Honorable Travis J. Koehn
Austin County Criminal District Attorney
One East Main
Bellville, Texas 77418-1598

Opinion No. GA-0152

Re: Whether a county clerk may charge a fee for posting an Open Meetings Act notice (RQ-0099-GA)

Dear Mr. Koehn:

You ask about "the authority of a county clerk to charge a reasonable fee to a governmental body for receiving, posting and retaining notices required by the Open Meetings Act."[1]

The Open Meetings Act (the "Act") requires that a "governmental body shall give written notice of the date, hour, place, and subject of each meeting held by the governmental body." TEX. GOV'T CODE ANN. § 551.041 (Vernon 1994); *see also id.* § 551.001(3) (Vernon Supp. 2004) (defining "governmental body" to include a county commissioners court, a municipal governing body, a deliberative body classified as a department, agency, or political subdivision of a county or municipality, a school district board of trustees, a county board of education, the governing board of a special district created by law, and water districts). The Act expressly states where notice shall be posted, although posting requirements vary according to the particular governing body posting notice. *See id.* §§ 551.048-.055 (Vernon 1994 & Supp. 2004). Certain governmental bodies must provide notice of each meeting to the county clerk who must post the notices in the county courthouse. Section 551.053(a)(3) provides that "[t]he governing body of a water district or other district or political subdivision that extends into four or more counties shall: . . . provide notice of each meeting to the county clerk of the county in which the administrative office of the district or political subdivision is located." *Id.* § 551.053(a)(3) (Vernon Supp. 2004). "The county clerk shall post the notice provided . . . on a bulletin board in a place convenient to the public in the county courthouse." *Id.* § 551.053(c). These provisions also apply to governing bodies of water districts or other districts or political subdivisions that extend into fewer than four counties. *See id.* § 551.054(a)-(b) (Vernon 1994).

Section 118.011 of the Local Government Code enumerates fees, other than court fees, that a county clerk may charge "for services rendered to any person." TEX. LOC. GOV'T CODE ANN.

---

[1]Letter from Honorable Travis J. Koehn, Austin County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Aug. 27, 2003) (on file with Opinion Committee).

§ 118.011 (Vernon Supp. 2004); *see also* TEX. GOV'T CODE ANN. § 311.005(2) (Vernon 1998) (defining "person" to include a government or governmental subdivision or agency). Subsections (a) and (b) prescribe set fees for certain services rendered.[2] Subsection (c) directs that the county clerk "shall charge reasonable fees for performing other duties prescribed or authorized by statute for which a fee is not prescribed by this subchapter." TEX. LOC. GOV'T CODE ANN. § 118.011(c) (Vernon Supp. 2004).

In 1969, the legislature amended the Open Meetings Act to require school districts and other local political subdivisions to furnish meeting notices to the county clerk to post in the county courthouse. *See* Act of May 1, 1969, 61st Leg., R.S., ch. 227, § 1, 1969 Tex. Gen. Laws 674. A 1969 opinion of this office concluded that the predecessor to section 118.011(c) of the Local Government Code[3] "authorize[d] county clerks to charge school districts a reasonable fee for posting the notices required by" the Act.[4] Tex. Att'y Gen. Op. No. M-496 (1969) at 3. The opinion declared, "It is our opinion that [section 118.011(c)'s predecessor] must be considered in *para materia* with [the Open Meetings Act] and therefore authorizes county clerks to charge school districts a reasonable fee for posting the notices required" by the Act. *Id.* By extension, that construction applies to the other local political subdivisions that were required to furnish meeting notices to the county clerk for posting.

Attorney General Opinion M-496 was issued less than two years after the initial adoption of the Open Meetings Act. *See* Act of May 1, 1969, 61st Leg., R.S., ch. 227, § 1, 1969 Tex. Gen. Laws 674. The opinion has been in effect for 36 years, and its conclusion has not been altered or modified by the legislature. Courts will give great weight to a contemporaneous construction given by the legislature or executive branches of government. *See Walker v. Baker*, 196 S.W.2d 324, 327 (Tex. 1946). Thus, the principle of Attorney General Opinion M-496, that county clerks may charge a fee for posting open meeting notices, remains effective.

Although school districts are no longer subject to this requirement,[5] the Act still requires that certain special districts and political subdivisions provide open meeting notices to the county clerk,

---

[2]*See* TEX. LOC. GOV'T CODE ANN. § 118.011(a) (Vernon Supp. 2004) (county clerk authorized to charge set fees for services rendered to any person for personal and real property records filing, certified and noncertified papers, birth or death certificate, bond approval, marriage licenses, declaration of informal marriage, brand registration, and oath administration); *id.* § 118.011(b) (county clerk may charge set fees for a returned check, and for records management and preservation).

[3]The opinion construes former article 3930, Revised Civil Statutes. *See* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49(1), 1987 Tex. Gen. Laws, 707, 862, 1307-08 (nonsubstantive revision repealing article 3930, Revised Civil Statues, and enacting Local Government Code section 118.011).

[4]The opinion construes former article 6252-17, Revised Civil Statutes. *See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, §§ 1, 46(1), 1993 Tex. Gen. Laws 583, 589, 986-87 (nonsubstantive revision repealing article 6252-17, Revised Civil Statutes, and adding title 5 of the Government Code).

[5]Section 551.051 of the Government Code now directs that school districts "post notice of each meeting on a bulletin board at a place convenient to the public in the central administrative office of the district." TEX. GOV'T CODE ANN. § 551.051 (Vernon 1994).

who must post them on a bulletin board in the county courthouse. *See* TEX. GOV'T CODE ANN. §§ 551.053(a)(3) (Vernon Supp. 2004), 551.054 (Vernon 1994) (governing bodies of water districts or other districts or political subdivisions must post notice of each meeting with county clerk); *see id.* §§ 551.053(c) (Vernon Supp. 2004), 551.054(b) (Vernon 1994) (county clerk must post open meeting notices on a bulletin board at place convenient to public in county courthouse). Moreover, the county clerk is authorized by section 118.011(c) of the Local Government Code to "charge reasonable fees for performing other duties prescribed or authorized by statute for which a fee is not prescribed by" chapter 118. TEX. LOC. GOV'T CODE ANN. § 118.011(c) (Vernon Supp. 2004). Because posting an open meeting notice is a county clerk's statutory duty and no fee for posting open meeting notices is specifically prescribed by chapter 118, it follows that a county clerk may charge a reasonable fee for posting these notices.

You also ask whether a county clerk is authorized to charge a fee to a governmental body for retaining open meeting notices. The state librarian's record retention schedule requires a county clerk to retain meeting notices that he or she has posted for a governmental body.[6] It is not a duty performed on behalf of the governmental body posting the notice. As a result, section 118.011(c) does not authorize a county clerk to charge a governmental body a separate fee for retaining such records.

Section 118.011(b)(2) authorizes a county clerk to set and collect a records management and preservation fee. *See id.* 118.011(b)(2). Section 118.0216 provides that "[t]he fee for 'Records Management and Preservation' under Section 118.011 is for the records management and preservation services performed by the county clerk *after the filing and recording of a document in the records of the office of the clerk.*" *Id.* § 118.0216 (emphasis added). Documents that are "filed and recorded" in the county clerk's office include personal and real property records, birth or death certificates, and marriage licenses, among others. *See id.* §§ 118.011, .0216, .052; *see also supra,* note 2. The Open Meetings Act requires a county clerk to *post* open meeting notices of certain local political subdivisions on a bulletin board in the county courthouse. It does not require that these open meeting notices be *filed and recorded by* the county clerk. Thus, a county clerk may not charge a governmental body a fee under section 118.011(b)(2) with respect to these open meeting notices. *See* Tex. Att'y Gen. LO-98-020, at 2 ("Records Management and Preservation" fee is assessed by county clerk for filing any document); LO-92-81, at 2 (person filing a document with county clerk's office required to pay records management and preservation fee at time of filing); LO-92-7, at 3 (records management and preservation fee may be collected upon the "filing and recording" of any document).

---

[6]*See* TEX. GOV'T CODE ANN. ch. 441, subch. J (Vernon 1998) (Preservation and Management of Local Government Records); *see also* TEXAS STATE LIBRARY & ARCHIVES COMMISSION, LOCAL SCHEDULE CC 43 (1997), *available at* http://www.tsl.state.tx.us/slrm/recordspubs/cc.html#1.4 (last visited Jan. 21, 2004).

## S U M M A R Y

A county clerk is authorized to charge a reasonable fee to a water district or other district or political subdivision to post open meeting notices. *See* TEX. LOC. GOV'T CODE ANN. § 118.011(c) (Vernon Supp. 2004). A county clerk may not charge governmental bodies a fee for retaining open meeting notices.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee